IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RONALD J. BEAVERS,<br><br>　　　　　Petitioner,<br><br>　vs.<br><br>COMMANDER KOWALSKI,<br>ATTORNEY GENERAL OF THE<br>STATE OR MONTANA,<br><br>　　　　　Respondent. | Cause No. CV 22-188-M-DWM<br><br>ORDER |

On November 21, 2022, state pro se prisoner Ronald J. Beavers filed an application seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1 at 8.)[1] The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988)( Under the "prison mailbox rule," a prisoner's document is deemed filed "at the time…[it is] delivered to the prison authorities for forwarding to the court clerk.")

1

As explained below, because Mr. Beavers' claim is unexhausted, his petition will be dismissed without prejudice.

I.     **Motion to Proceed in Forma Pauperis**

Mr. Beavers seeks leave of the Court to proceed in forma pauperis. (Doc. 2.) Although he has not provided a copy of his inmate institutional account statement as required, (*see Id.* at 1, ¶ 1), there is no reason to delay this matter further. Mr. Beavers' motion will be granted.

II.    **Exhaustion**

It appears Mr. Beavers was committed to the Montana Department of Corrections following a 2018 conviction for Criminal Endangerment in Montana's Twentieth Judicial District, Lake County.[2] Mr. Beavers indicates he was serving the suspended portion of his sentence when his probation was revoked for an alcohol violation. (Doc. 1 at 3, ¶ 3.) Mr. Beavers believes his current incarceration is illegal and that a gross miscarriage of justice occurred when his suspended sentence was wrongfully revoked. (*Id.* at 4, ¶ 13(A)). He asks this Court to order his immediate release from custody and to reinstate his suspended sentence. (*Id.* at 7, ¶ 16.)

While Mr. Beavers makes a passing reference a denial of his rights, he

---

[2] *See* Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/31841/ (accessed November 30, 2022).

appears to challenge the manner in which the State of Montana handled his revocation proceedings under state law provisions. Mr. Beavers is advised that this Court may only entertain a habeas corpus petition if he demonstrates that he is in custody in violation of the Constitution or laws or treaties of the United States. (*See* 28 U.S.C. § 2254(a)); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68, (1991) (federal habeas corpus relief does not lie for errors of state law). "[E]rrors of state law do not concern us unless they rise to the level of a constitutional violation." *Oxborrow v. Eikenberry*, 877 F.2d 1395, 1400 (9th Cir. 1989). Thus, Mr. Beavers' current petition is not cognizable because he fails to identify a purported federal constitutional violation. But that is not the only deficiency from which Mr. Beavers' petition suffers.

To the extent that Mr. Beavers could identify a cognizable federal claim, such claim is presently unexhausted. Mr. Beavers acknowledges he has not presented this claim, in any fashion, to the state courts. (*Id*. at 3-5.) He apparently believes federal habeas corpus is the "proper remedy for this issue." (*Id*. at 4, ¶ 11.)

A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a

3

state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In the present case, the state courts have not yet considered the claim Mr. Beavers attempts to advance. Mr. Beavers must present the same claim to the state

courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claim. *O'Sullivan*, 526 U.S. at 845. Because Mr. Beavers has not yet completely exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal will be **without prejudice**, allowing Mr. Beavers to return to this Court if and when he fully exhausts the claim relative to his current custody.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Mr. Beavers has not made a substantial showing that he was deprived of a federal constitutional right. Further, because his claim is not cognizable and the petition is unexhausted, reasonable jurists would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Mr. Beavers' motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court is directed to waive payment of the filing fee.

2. Mr. Beavers' Petition (Doc. 1) is DISMISSED without prejudice as unexhausted.

3. The Clerk of Court is directed to enter a judgment of dismissal.

4. A certificate of appealability is DENIED.

DATED this 1st day of December, 2022.

_____
Donald W. Molloy
United States District Court Judge